■ BRUCE NEAL, Respondent, v C. F. M. ENTERPRISES, INC., Appellant.—Main, J. Appeal from a judgment of the Supreme Court (Graves, J.), entered March 10, 1986 in Schenectady County, upon a verdict in favor of plaintiff.

In June 1983, plaintiff was injured on the premises of a store owned and operated by defendant in the City of Schenectady when, as he exited the store, he was assaulted by two store patrons. The evidence produced at trial showed that prior to closing the store, the store clerks cleaned the slicing machine used to slice cold cuts; that the clerks had complained to their manager that plaintiff frequently came to the store shortly before closing to purchase cold cuts; and that he harassed them. On the night in question, plaintiff came to the store to purchase cold cuts and encountered difficulty with one of the clerks as to whether he could make the purchase. Two patrons near the store counter began yelling at plaintiff because they wanted to make their purchases and leave. The patrons then followed plaintiff from the store and assaulted him in the store's parking lot. Following the assault, plaintiff, assisted by a friend, went to plaintiff's house, called the police, and returned to the store to await the police and retrieve plaintiff's car. Upon returning to the store, plaintiff was again assaulted by the two patrons. Evidence adduced at trial indicated that the store clerks saw the assaults but did nothing to help plaintiff. The jury found defendant 60% at fault and plaintiff 40% at fault and awarded plaintiff compensatory and punitive damages.

On appeal, defendant's sole contention is that the evidence produced at trial was legally insufficient to entitle plaintiff to punitive damages. We agree. Although a corporation may be held liable for punitive damages, such damages may be imposed on an employer for the intentional wrongdoing of its employees "only where management has authorized, participated in, consented to or ratified the conduct giving rise to such damages, or deliberately retained the unfit servant" (Loughry v Lincoln First Bank, 67 NY2d 369, 378; see, O'Donnell v K-Mart Corp., 100 AD2d 488, 491). None of these factors is present in this case.

The record reveals that the store's manager was not working on the night in question, and thus had no knowledge of the assaults on plaintiff until after they occurred. She had been previously informed by the clerks that plaintiff frequently purchased cold cuts shortly before the store's closing and it was upon her instruction that the clerks cleaned the slicing machine prior to closing. Plaintiff contends that this constituted a ratification of the clerks' actions on the night in question, since the manager contributed to a "potentially explosive" situation by ordering the cleaning even though she knew plaintiff purchased cold cuts at approximately the same time. We see nothing in this evidence that would constitute a ratification of the clerks' conduct; surely, no one had any idea that cleaning a slicing machine would lead two unidentified patrons to assault plaintiff. The manager never instructed the clerks not to slice cold cuts for plaintiff or not to call the police in the event of an assault. Since the store manager could not be implicated in ordering, ratifying or participating in the clerks' conduct, defendant cannot be subject to punitive damages on this basis.

Alternatively, plaintiff urges that since the store manager was not working on the night in question, she must have delegated her managerial duties to the store clerks and, since they were acting as managers, defendant can be liable for punitive damages (see, Restatement [Second] of Agency § 217 C [c] [1958]; Restatement [Second] of Torts § 909 [1979]). However, none of the testimony at trial by either the store manager or the clerk indicates that the manager ever delegated any of her managerial duties to the clerks. Accordingly, punitive damages cannot be imposed on this basis.

Finally, none of the evidence presented supports a finding that defendant deliberately retained an unfit servant. The store manager testified that both clerks had adequately performed their duties prior to this incident. At best, the evi-

dence shows that defendant negligently failed to properly train its employees. Such evidence does not rise to the level necessary to support an award of punitive damages. Accordingly, since the evidence failed to show that defendant's management authorized, ratified or participated in its employees' malicious conduct, or that management duties had been delegated to the employees who acted wrongfully, or that defendant deliberately retained unfit employees, plaintiff was not entitled to an award of punitive damages.

Judgment modified, on the law, without costs, by reversing so much thereof as awarded plaintiff punitive damages, and, as so modified, affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.