Jane DOE, Plaintiff,

v.

COLUMBIA UNIVERSITY IN the CITY
OF NEW YORK and Summit Security
Services, Inc., Defendants.

No. 93 Civ. 1333 (DAB) (RLE).

United States District Court,
S.D. New York.

Feb. 13, 1996.

Thomas E. Engel, Engel & McCarney, New York City (James G. McCarney, Kenneth E. Moffet, Jr., of counsel), for plaintiff.

Thurm & Heller, New York City (Murray H. Prawer, of counsel), for defendants.

## MEMORANDUM AND ORDER

BATTS, District Judge.

The present action is before the Court on objections by Defendants Columbia University ("Columbia") and Summit Security Services, Inc. ("Summit"), to a ruling by Magistrate Judge Ronald L. Ellis, granting Plaintiff Jane Doe permission to amend her Complaint to add a claim for punitive damages as part of her prayer for relief. Magistrate Judge Ellis's ruling, by Order dated October 18, 1995, analyzed Plaintiff's claims in light of the legal standards in New York for allowing punitive damage claims. Although recognizing the presence of factual disputes, Judge Ellis found that "plaintiff has met the threshold burden of alleging corporate complicity in the malicious conduct that resulted in the harm she allegedly suffered," and granted permission to amend the complaint to include a claim for punitive damages.

Defendants object to the magistrate judge's Order, and state that it is clearly erroneous and contrary to law because in exercising his discretion, the magistrate judge failed to consider the prejudice Defendants would suffer as a result of allowing the amended complaint. Specifically, Defendants inform this Court that Defendant Summit Security's insurance policy would cover an award of compensatory damages against either Defendant in this instance, but not an award of punitive damages. The inclusion of a punitive damage claim, if allowed, will require Defendant Columbia to assert cross-claims against Defendant Summit Security. (Columbia Decl. ¶ 14.) The assertion of cross-claims between Defendants creates a conflict of interest, possibly necessitating the disqualification of current defense counsel from representing either Defendant. (Columbia Decl. ¶ 15.) Disqualification of their counsel, and the necessity of both defendants having to obtain new counsel at this late stage of discovery, along with the need for additional pleadings and the reopening of up to fourteen completed depositions, is the prejudice Defendants rely upon in objecting to the magistrate judge's Order.

Under Rule 72(a) of the Federal Rules of Civil Procedure, this Court must set aside those portion's of a magistrate judge's non-dispositive rulings "found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). Accordingly, this Court may modify the contested Order only if the magistrate judge's ruling granting permission to amend the Complaint was clearly erroneous or contrary to law.

Defendant Columbia University argues that the Order of Magistrate Judge Ellis is clearly erroneous and contrary to law (1) because it fails to consider the prejudice defendants will suffer if amendment is allowed, (2) because it improperly allows Plaintiffs to insert a frivolous claim that Columbia University could be liable for punitive damages based on a new duty not previously announced by statute or case law for Columbia University to oversee the employment records of its independent contractors, and (3) because it allows Plaintiff's claim for punitive damages despite its delayed introduction and its basis in "irrelevant and unsupported allegations that are contradicted by the extensive record...." (Columbia Mem. at 3.) Defendant Summit Security pursues only the first and third of these arguments.

Plaintiff responds that (1) discovery revealed "ample evidence to support a claim that defendants acted with conscious disregard for the safety and rights of plaintiff and others", (2) leave to amend should be freely granted, (3) Defendants disputations of the evidentiary basis for Plaintiff's allegations are irrelevant, because Plaintiff need only show that its punitive damage claim is not frivolous, (4) defense counsel's claim of prejudice regarding disqualification of counsel is self-serving and not cognizable under the law of this Circuit, and (5) Defendants were put on notice in the Complaint of Plaintiff's allegation of gross negligence, and thus the choice to be represented by the same counsel was at their own risk.

██ Rule 15(a) states that leave to amend "shall be freely given when justice so re-

quires," and the Supreme Court has declared that "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). However, "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Board v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981). In deciding whether or not to permit the amendment, "the trial court [is] required to take into account any prejudice that [the non-moving party] would ... suffer[ ] as a result...." *Zenith Radio Corp. v. Hazeltine Research,* 401 U.S. 321, 331, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971).

■ In facts quite similar to ours, the Seventh Circuit has stated:

> [T]he untimely filed punitive damage claim, if granted, would have clearly prejudiced the defendants who invested a year preparing their defense to the allegations pleaded, without any notice of a punitive damage claim. According to the defendants, [one of the defendant's] insurance policy covered compensatory damage awards but not awards for punitive, exemplary damages. The inclusion of a punitive damage claim, well after entry of the final pretrial order, would have forced the parties to reopen discovery and obtain independent counsel to represent their individual interests on the issue of noninsured punitive damages. *See, e.g., Murphy v. White Hen Pantry Co.,* 691 F.2d 350, 353 (7th Cir.1982). The undue harm and delay in reopening discovery and obtaining separate counsel would have resulted in additional expenditures on the part of each defendant. In view of this prejudice, and the fact that the plaintiff waited more than one year to amend the complaint to include a claim for punitive damages, we hold that the district court judge did not abuse his discretion in denying Knapp's motion to amend.

*Knapp v. Whitaker,* 757 F.2d 827, 849 (7th Cir.), *cert. denied,* 474 U.S. 803, 106 S.Ct. 36, 88 L.Ed.2d 29 (1985). *Zenith* makes clear that prejudice such as this must be considered in ruling on a motion to amend. Accordingly, the motion to amend should not

have been granted without consideration being taken of the prejudice to Defendants.

■ Plaintiff claims that she merely need disprove the frivolity of her punitive damage claims to allow amendment at this time, citing *Diapulse Mfg. Corp. v. Birtcher Corp.,* 221 F.Supp. 139, 140 (E.D.N.Y.), and *Key Pharmaceuticals, Inc. v. Hans Lowey,* 54 F.R.D. 447, 449 (S.D.N.Y.1972). Where frivolousness is the only objection to added claims, Plaintiff may be correct that lack of frivolity is the appropriate standard. Here, however, Defendants put forth a strong case of prejudice, and simultaneously challenge the sufficiency of the facts known through discovery to support a punitive damage award.

■ The concern of this Court is that an amended complaint that would seriously prejudice the Defendants would be allowed at this time, yet that same amended complaint would fail on summary judgment. As one court has said, "To allow a meritless claim [added to a case upon leave of the court] to proceed to the motion to dismiss and motion for summary judgment stages is an abdication of judicial responsibility that serves neither justice nor efficiency. The duty to engage in a threshold inquiry regarding legal sufficiency is especially important in a case such as this one that is finally ready for trial after a lengthy, costly and exasperating pretrial history." *Allied Erecting and Dismantling v. U.S. Steel,* 786 F.Supp. 1223, 1228 (W.D.Pa.1992).

Accordingly, due to the substantial prejudice that Defendants stand to suffer should the amended complaint be allowed, especially as they come near the close of discovery, the merits of these claims require a searching examination. To bring the granting of her motion to amend within the realm of judicial discretion, the Plaintiff must show that her claims have sufficient merit to justify imposing the considerable prejudice presented by these facts.

A searching examination of the record reveals that Plaintiff has demonstrated that a genuine issue exists as to her punitive damages claim against Summit. Among other evidence, there is evidence of notice to Sum-

mit of prior malfeasance on the part of Summit guard Germain, the guard on duty the night of the incident; specifically, Germain was found asleep at his post in September 1989. (Moffet Decl., Ex. L.) There is also testimony that could lead a trier of fact to conclude that Germain should have ejected the perpetrator from the building the night Plaintiff was attacked, based on the perpetrator's conduct within the building and the lobby area where Germain was stationed; specifically, the testimony suggests that the perpetrator was in the lobby area, without an escort, behaving oddly and harassing residents. (Moffet Decl., Ex. P (Dep. of Nathalie Rey) at 17–24; Pl.Mem. at 6.) Accordingly, Plaintiff has presented evidence that Summit deliberately retained an unfit employee, and that the conduct of the unfit employee is causally connected to Plaintiff's injuries. Under New York law, an employer can be liable for punitive damages where it deliberately retains an unfit servant. *See Brink's Inc. v. City of New York,* 717 F.2d 700, 705–06 (2d Cir.1983); *Neal v. C.F.M. Enterprises, Inc.,* 520 N.Y.S.2d 656, 658 (N.Y.App.Div.1987) ("[N]one of the evidence presented supports a finding that defendant deliberately retained an unfit servant. The store manager testified that both clerks had adequately performed their duties prior to this incident").

█ Having presented sufficient evidence at this stage to convince this Court that her claim for punitive damages is far from frivolous, and that her evidence appears to present a jury question as to punitive damages, the Court cannot call the resulting prejudice to Defendant Summit undue. The mere showing of prejudice does not suffice to require denial of a motion to amend; rather, the resulting prejudice must be shown to be undue, that is, more than is appropriate or justified. Accordingly, it was neither clearly erroneous nor contrary to law for the magistrate judge to have allowed Plaintiff to amend her complaint to add a claim against Defendant Summit for punitive damages.

The objection papers presented by Defendant Columbia discredit three of the five factual bases upon which Plaintiff relies to assert her punitive damages claim. Howev-er, one of her allegations, left unaddressed in Defendants' objections, cannot be so easily rebutted. Specifically, the Plaintiff alleges and produces evidence that in July 1989—approximately seven months before the attack upon Plaintiff—Columbia was notified by a student in Plaintiff's residence hall (McBain Hall) of a burglary, and that "people ... who are *not* Columbia students stay in this dorm, McBain.... I also know that the guards at the entrance to McBain pay very little attention to who comes and goes." (Moffett Decl., Ex. J at 3 (emphasis in original)). The current record suggests that Defendant Columbia did very little, if anything, in response to this letter. (Moffett Decl., Ex. K (Dep. of James Conlon) at 144–47.) This evidence suggests that Columbia may have acted recklessly, wantonly, or without regard to the rights of Plaintiff or others residing in McBain Hall; such a showing, if made at trial, would be sufficient to sustain a jury's award of punitive damages against Defendant Columbia. *See Hall v. Consolidated Edison,* 104 Misc.2d 565, 428 N.Y.S.2d 837, 842 (N.Y.Sup.Ct.1980) ("Punitive damages are allowable in personal injury actions based upon negligence, if such negligence amounts to flagrant misconduct.... Malice, a prerequisite to the allowance of punitive damages, may be established by a showing that the acts committed by the defendant were committed recklessly, wantonly, or without regard to the rights of plaintiff or of people in general"). In light of this evidence, Plaintiff's punitive damages claim does not so lack merit as to enable the Court to call the resulting prejudice to Columbia unjustified or undue. Accordingly, it was neither clearly erroneous nor contrary to law for the magistrate judge to have allowed Plaintiff to amend her complaint to add a claim against Defendant Columbia for punitive damages.

Magistrate Judge Ellis's ruling being neither clearly erroneous nor contrary to law, Defendants' objections are DENIED in their entirety.

SO ORDERED.